UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------X
GERMAINE BURNS,

                Plaintiff,

   -against-

TRUMP TAJ MAHAL CASINO RESORT,
ATLANTIC CITY MEDICAL CENTER,
and ATLANTIC RADIOLOGISTS,

                Defendants.

----------------------------------X

VERIFIED COMPLAINT
JURY TRIAL DEMANDED

04cv 4681

## PARTIES

1.   Germaine Burns is a resident of the State of New York.

2.   Upon information and belief, the Defendant TRUMP TAJ MAHAL CASINO RESORT (hereinafter "TRUMP TAJ MAHAL") is a domestic corporation that is organized pursuant to the laws of the State of New Jersey and/or maintains its principle place of business in the State of New Jersey.

3.   Upon information and belief, the Defendant ATLANTIC CITY MEDICAL CENTER (hereinafter 'ACMC") is a domestic corporation that is organized pursuant to the laws

of the State of New Jersey and/or maintains its principle place of business in the State of New Jersey.

4.   Upon   information   and   belief,   the   Defendant ATLANTIC RADIOLOGISTS is a domestic corporation that is organized pursuant to the laws of the State of New Jersey and/or maintains its principle place of business in the State of New Jersey.

## JURISDICTION

5.   This  Court  has  jurisdiction  over  the  instant claims because the State of New Jersey is the place where the tortuous act(s) and/or omission(s) occurred.

6.   This  Court  has  jurisdiction  over  the  instant claims because the parties reside in different states, the matter  in  controversy  exceeds  $100,000.00,  and/or  the Defendants TRUMP TAJ MAHAL, ACMC, and ATLANTIC RADIOLOGISTS do business regularly in the State of New Jersey, as set forth  in  the  Interstate  Commerce  Clause  of  the  United States Constitution.

7.   This Court has jurisdiction over the instant claims because of the principles of ancillary and/or pendent jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

8.   On or about September 22, 2004, Ms. Burns was a lawful guest and/or invitee at the Defendant TRUMP TAJ MAHAL and was lawfully upon the Defendant's premises. Upon information and belief, it was and still is the normal and/or customary practice of the Defendant to invite the public at large on to the premises.

9.   While at the premises the Defendant TRUMP TAJ MAHAL, the Plaintiff did suffer, sustain and/or endure an injury to her right foot, heel and/or ankle due to the negligence of the aforesaid Defendant, its agents, servants, managers, assignees, and/or employees, thereby causing the Plaintiff to sustain severe, permanent and painful injuries, all of which are set forth more particularly at length hereinafter.

10.   The Defendant TRUMP TAJ MAHAL committed the tort of negligence against the Plaintiff by virtue of the

following acts and/or omissions: (a) in failing to properly maintain the premises in a reasonably safe condition; (b) in failing to warn the Plaintiff of the unsafe, dangerous and/or hazardous condition on the Defendant's premises; and/or (c) in failing to provide and/or maintain safe passageway around the unsafe, dangerous and/or hazardous condition on the Defendant's premises for the Plaintiff.

11.   That the accident/incident and the resulting injuries to the Plaintiff were due to the negligence of the Defendant TRUMP TAJ MAHAL, its agents, servants, managers, assignees, and/or employees, and were caused in fact and/or proximately by the negligence of the Defendant, its agents, servants, managers, assignees, and/or employees.

12.   Upon information and belief, at the time and place of the accident/incident, the Defendant TRUMP TAJ MAHAL, its agents, servants, managers, assignees, and/or employees had actual knowledge and/or constructive notice of the unsafe, dangerous, and/or hazardous condition.

13.   By reason of the negligence of the Defendant TRUMP TAJ MAHAL, its agents, servants, managers, assignees, and/or employees, the Plaintiff required surgical intervention for

her right foot and/or heel.  As a result of the aforesaid the Plaintiff was rendered and remains sick, sore, lame, disabled, suffered extreme physical pain, severe mental anguish, was unable to attend to her usual daily activities, sustained loss of enjoyment of life, required medical care and assistance, sustained serious bodily injuries to her bones, limbs, ligaments, nerves, tissues, and tendons, including but not limited to serious injuries to her right foot, heel and/or ankle, which upon information and belief are believed to be permanent in nature.

14.  By reason of the negligence of the Defendant TRUMP TAJ MAHAL, its agents, servants, managers, assignees, and/or employees, and by reason of the accident/incident and the resulting injuries to the Plaintiff, the Plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars against this Defendant.

15.  Ms.  Burns  is  entitled  to  One  Million ($1,000,000.00) Dollars in compensatory damages against this Defendant as a result thereof.

## AS AND FOR A SECOND CAUSE OF ACTION

16.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "15" inclusive of the within complaint with the same force and effect as if more fully set forth hereinafter at length.

17.  On or about September 22, 2004, Ms. Burns was a patient in need of medical care and attention at the Defendant TRUMP TAJ MAHAL and was lawfully upon the Defendant's premises for said purpose.  Upon information and belief, it was and still is the normal and/or customary practice of the Defendant to invite the public at large on to the premises.

18.  While at the Defendant TRUMP TAJ MAHAL's premises the Plaintiff was treated for injuries sustained to her right foot, heel and/or ankle.  Due to the medical malpractice of the aforesaid Defendant, its agents, servants, managers, assignees, and/or employees, her right foot, heel and/or ankle were not treated in accordance with

prompt and/or professional medical standards, thereby causing the Plaintiff to sustain severe, permanent and painful injuries, all of which are set forth more particularly at length hereinafter.

19. The Defendant TRUMP TAJ MAHAL committed the tort of medical malpractice against the Plaintiff by virtue of the following acts and/or omissions: (a) in failing to properly diagnose, detect and/or treat the full extent of the injuries and/or condition in the Plaintiff's right foot, heel and/or ankle then and there prevailing; (b) in failing to properly observe and see the condition then and there present in the Plaintiff's right foot, heel and/or ankle; (c) in failing to properly treat in accordance with normal medical standards and/or procedures, the injuries and/or condition then and there prevailing upon the Plaintiff's right foot, heel and/or ankle.

20. That the accident/incident and the resulting injuries to the Plaintiff were due to the medical malpractice of the Defendant TRUMP TAJ MAHAL, its agents, servants, managers, assignees, and/or employees, and were caused in fact and/or proximately by the medical malpractice

of the Defendant, its agents, servants, managers, assignees, and/or employees.

21.  Upon information and belief, at the time and place of the accident/incident, the act(s) and/or omission(s) of the Defendant TRUMP TAJ MAHAL, its agents, servants, managers, assignees, and/or employees deviated from the standard of acceptable practices within the medical field, to wit: the failure to detect, observe, diagnose, render treatment, and/or proper medical assistance for the injury/condition then and there prevailing upon the Plaintiff's right foot and/or heel.

22.  By reason of the medical malpractice of the Defendant TRUMP TAJ MAHAL, its agents, servants, managers, assignees, and/or employees, the Plaintiff required surgery and/or was unnecessarily delayed from having said surgical procedure performed on her right foot/heel, and therefore was rendered sick, sore, lame, disabled, suffered extreme physical pain, severe mental anguish, and was unable to attend to her usual daily activities, sustained loss of enjoyment of life, required medical care and assistance, sustained serious bodily injuries to her bones, limbs, ligaments, nerves, tissues, and tendons, including but not

limited to serious injuries to her right foot, heel and/or ankle, which upon information and belief are believed to be permanent in nature.

23. By reason of the medical malpractice of the Defendant TRUMP TAJ MAHAL, its agents, servants, managers, assignees, and/or employees, and by reason of the accident and the resulting injuries to the Plaintiff, the Plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars against this Defendant.

24. Ms. Burns is entitled to One Million ($1,000,000.00) Dollars in compensatory damages against this Defendant as a result thereof.

## AS AND FOR A THIRD CAUSE OF ACTION

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "24" inclusive of the within complaint with the same force and effect as if more fully set forth hereinafter at length.

26. On or about September 22, 2004, Ms. Burns was a patient in need of medical care and attention at the Defendant ACMC and was lawfully upon the Defendant's premises for said purpose. Upon information and belief, it was and still is the normal and/or customary practice of the Defendant to invite the public at large on to the premises.

27. While at the Defendant ACMC's premises the Plaintiff was treated for injuries sustained to her right foot, heel and/or ankle. Due to the medical malpractice of the aforesaid Defendant, its agents, servants, managers, assignees, and/or employees, her right foot, heel and/or ankle were not treated in accordance with prompt and/or professional medical standards, thereby causing the Plaintiff to sustain severe, permanent and painful injuries, all of which are set forth more particularly at length hereinafter.

28. The Defendant ACMC committed the tort of medical malpractice against the Plaintiff by virtue of the following acts and/or omissions: (a) in failing to properly diagnose, detect and/or treat the full extent of the injuries and/or condition in the Plaintiff's right foot, heel and/or ankle then and there prevailing; (b) in failing to properly

observe and see the condition then and there present in the Plaintiff's right foot, heel and/or ankle; (c) in failing to properly treat in accordance with normal medical standards and/or procedures, the injuries and/or condition then and there prevailing upon the Plaintiff's right foot, heel and/or ankle.

29.   That  the  accident/incident  and  the  resulting injuries  to  the  Plaintiff  were  due  to  the  medical malpractice  of  the  Defendant  ACMC,  its  agents,  servants, managers,  assignees,  and/or  employees,  and  were  caused  in fact and/or proximately by the medical malpractice of the Defendant, its agents, servants, managers, assignees, and/or employees.

30.   Upon information and belief, at the time and place of the accident/incident, the act(s) and/or omission(s) of the  Defendant  ACMC,  its  agents,  servants,  managers, assignees,  and/or  employees  deviated  from  the  standard  of acceptable practices within the medical field, to wit: the failure  to  detect,  observe,  diagnose,  render  treatment, and/or proper medical assistance for the injury/condition then and there prevailing upon the Plaintiff's right foot and/or heel.

31. By reason of the medical malpractice of the Defendant ACMC, its agents, servants, managers, assignees, and/or employees, the Plaintiff required surgery and/or was unnecessarily delayed from having said surgical procedure performed on her right foot/heel, and therefore was rendered sick, sore, lame, disabled, suffered extreme physical pain, severe mental anguish, and was unable to attend to her usual daily activities, sustained loss of enjoyment of life, required medical care and assistance, sustained serious bodily injuries to her bones, limbs, ligaments, nerves, tissues, and tendons, including but not limited to serious injuries to her right foot, heel and/or ankle, which upon information and belief are believed to be permanent in nature.

32. By reason of the medical malpractice of the Defendant ACMC, its agents, servants, managers, assignees, and/or employees, and by reason of the accident and the resulting injuries to the Plaintiff, the Plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars against this Defendant.

33. Ms. Burns is entitled to One Million ($1,000,000.00) Dollars in compensatory damages against this Defendant as a result thereof.

## AS AND FOR A FOURTH CAUSE OF ACTION

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "33" inclusive of the within complaint with the same force and effect as if more fully set forth hereinafter at length.

35. On or about September 22, 2004, Ms. Burns was a patient in need of medical care and attention at the Defendant ATLANTIC RADIOLOGISTS and was lawfully upon the Defendant's premises for said purpose. Upon information and belief, it was and still is the normal and/or customary practice of the Defendant to invite the public at large on to the premises.

36. While at the Defendant ATLANTIC RADIOLOGISTS' premises the Plaintiff was treated for injuries sustained to her right foot, heel and/or ankle. Due to the medical malpractice of the aforesaid Defendant, its agents,

servants, managers, assignees, and/or employees, her right
foot, heel and/or ankle were not treated in accordance with
prompt and/or professional medical standards, thereby
causing the Plaintiff to sustain severe, permanent and
painful injuries, all of which are set forth more
particularly at length hereinafter.

37. The Defendant ATLANTIC RADIOLOGISTS committed the
tort of medical malpractice against the Plaintiff by virtue
of the following acts and/or omissions: (a) in failing to
properly diagnose, detect and/or treat the full extent of
the injuries and/or condition in the Plaintiff's right foot,
heel and/or ankle then and there prevailing; (b) in failing
to properly observe and see the condition then and there
present in the Plaintiff's right foot, heel and/or ankle;
(c) in failing to properly treat in accordance with normal
medical standards and/or procedures, the injuries and/or
condition then and there prevailing upon the Plaintiff's
right foot, heel and/or ankle.

38. That the accident/incident and the resulting
injuries to the Plaintiff were due to the medical
malpractice of the Defendant ATLANTIC RADIOLOGISTS, its
agents, servants, managers, assignees, and/or employees, and

were caused in fact and/or proximately by the medical malpractice of the Defendant, its agents, servants, managers, assignees, and/or employees.

39. Upon information and belief, at the time and place of the accident/incident, the act(s) and/or omission(s) of the Defendant ATLANTIC RADIOLOGISTS, its agents, servants, managers, assignees, and/or employees deviated from the standard of acceptable practices within the medical field, to wit: the failure to detect, observe, diagnose, render treatment, and/or proper medical assistance for the injury/condition then and there prevailing upon the Plaintiff's right foot and/or heel.

40. By reason of the medical malpractice of the Defendant ATLANTIC RADIOLOGISTS, its agents, servants, managers, assignees, and/or employees, the Plaintiff required surgery and/or was unnecessarily delayed from having said surgical procedure performed on her right foot/heel, and therefore was rendered sick, sore, lame, disabled, suffered extreme physical pain, severe mental anguish, and was unable to attend to her usual daily activities, sustained loss of enjoyment of life, required medical care and assistance, sustained serious bodily

injuries to her bones, limbs, ligaments, nerves, tissues, and tendons, including but not limited to serious injuries to her right foot, heel and/or ankle, which upon information and belief are believed to be permanent in nature.

41. By reason of the medical malpractice of the Defendant ATLANTIC RADIOLOGISTS, its agents, servants, managers, assignees, and/or employees, and by reason of the accident and the resulting injuries to the Plaintiff, the Plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars against this Defendant.

42. Ms. Burns is entitled to One Million ($1,000,000.00) Dollars in compensatory damages against this Defendant as a result thereof.

WHEREFORE, Ms. Burns demands judgment as follows:

(a) On the first cause of action, One Million Dollars ($1,000,000.00);

(b) On the second cause of action, One Million Dollars ($1,000,000.00);

(c) On the third cause of action, One Million Dollars ($1,000,000.00);

(d)   On the fourth cause of action, One Million
      Dollars ($1,000,000.00);

(e)   The costs and disbursements of this action;

(f)   Such other and further relief as this Court deems
      just, proper and equitable.

Dated:   Sayville, New York
         September 20, 2004

                              Yours, etc.

                              Jordan E. Trager, Esq.
                              Attorney for the Plaintiff
                              153 Main Street, Suite 7
                              Sayville, New York 11782
                              (631) 567-0000

                         By: _____
                              Jordan E. Trager, Esq.
                              JT-0636

TO:

TRUMP TAJ MAHAL CASINO RESORT
1000 Boardwalk Avenue at Virginia Avenue
Atlantic City, New Jersey 08401

ATLANTIC CITY MEDICAL CENTER
Jimmie Leeds Road, P.O. Box 633
Pomona, New Jersey 08240

ATLANTIC RADIOLOGISTS
P.O. Box 1448
Mount Laurel, New Jersey 08054

## JURY TRIAL DEMAND

Pursuant to the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury of all issues of fact in this action.

Case No.:
UNITED STATES DISTRICT COURT          :          DISTRICT OF NEW JERSEY

GERMAINE BURNS,

                                                         Plaintiff,

                        -against-

TRUMP TAJ MAHAL CASINO RESORT, ATLANTIC CITY MEDICAL
CENTER and ATLANTIC RADIOLOGISTS,

                                                         Defendants.

VERIFIED COMPLAINT
JURY TRIAL DEMANDED

JORDAN E. TRAGER, ESQ.
Attorneys for Plaintiff
GERMAINE BURNS
153 Main Street, Suite 7
Sayville, New York 11782
(631) 567-0000